IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH MANEY, | ) |
| Plaintiff, | ) |
| | ) No. 3:24-cv-01148 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| GUARDO WORLEL, | ) MAGISTRATE JUDGE HOLMES |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Deborah Maney, a resident of Nashville, Tennessee, filed this complaint against Guardo Worlel, a hospital security guard at the Nashville General Hospital. (Doc. No. 1).

### I. FILING FEE

Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). According to Plaintiff's IFP Application, her monthly income totals $923 from Supplemental Social Security payments, she has no assets, her monthly expenses total approximately $650, and she does not expect any major changes to her monthly income or expenses in the next 12 months. (*Id.*) In her complaint, Plaintiff states that she is homeless. (Doc. No. 1 at PageID# 2). Because her IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

### II. INITIAL SCREENING STANDARD

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). In

doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which requires sua sponte dismissal of an action upon certain determinations. 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court must review her complaint pursuant to 28 U.S.C. § 1915(e). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Under § 1915(e), the Court is required to screen in forma pauperis complaints and dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011). District courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Nor are they "required to create" a pro se litigant's claim for him or her. *Payne v.*

*Secretary of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003). And pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).

### III. ALLEGED FACTS

As best the Court can discern,[1] the complaint alleges that Defendant, a security guard at Nashville General Hospital, violated Plaintiff's rights by "act[ing] out of conduct" and denying Plaintiff the ability to see doctors "unless [she] [went] by 6 stipulations for no reason." (Doc. No. 1 at PageID# 3). The complaint further alleges that Plaintiff "disagreed with certain treatment" and a doctor "refused to allow [her] to see [her] own xray." (*Id.*) The complaint also alleges that Defendant "seemed to have a problem with [Plaintiff], seemed personal." (*Id.* at PageID# 4). The Court cannot decipher Plaintiff's request for relief. (*Id.* at PageID# 5).

### IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff's complaint, filed pursuant to 42 U.S.C. § 1983, cannot survive screening under Section 1915(e)(2).

To state a claim under Section 1983 upon which relief may be granted, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution of laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). For a court to have subject matter jurisdiction over a Section 1983 claim, the alleged wrongdoer must be a state actor or a private party whose conduct can be fairly attributable to the state. *See Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 88 F.4th 1176, 1180-

---

[1] Plaintiff's handwritten complaints are difficult to decipher, and it is difficult to distill her statements into coherent narratives and causes of action.

81 (6th Cir. 2023); *see also Brown ex rel. Estate of Henry v. Hatch*, 984 F. Supp.2d 700, 707 (E.D. Mich. 2013) (citing Sixth Circuit and Supreme Court cases to explain that the court lacks subject matter jurisdiction over a Section 1983 action if "neither Defendant is a state actor"). Whether defendants are state actors is a question of law for the Court. *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002).

The Court is aware of at least one case where the court found a genuine issue of material fact existed as to whether a security officer acted under color of state law. *See Chapman v. Higbee*, 319 F.3d 825 (6th Cir. 2003). That case involved an off-duty sheriff's department officer who worked part-time as a security guard at Dillard's. While working as a security guard, he stopped a customer (Chapman) suspected of shoplifting and ordered Chapman to a dressing room, where he and a female store manager searched her purse and checked under her coat and skirt. In reviewing the district court's grant of summary judgment to the defendant security guard, the Sixth Circuit reversed, finding that, although the security officer did not represent himself as a police officer, threaten to arrest the plaintiff, wave his badge or weapon, or establish any contact with the sheriff's department, Dillard's policy mandated police intervention in strip search situations. Thus, the court concluded that a reasonable jury could find that the initiation of a strip search by an armed, uniformed sheriff's deputy constituted an act that may be fairly attributable to the state. *Id*. at 834.

The present case is distinguishable. The complaint does not allege that Defendant is affiliated in any way with local law enforcement. Neither does the complaint allege that Defendant detained Plaintiff, arrested or threatened to arrest Plaintiff, communicated with local law enforcement about Plaintiff, wore an official sheriff's department uniform, or displayed a firearm or badge. The only allegations in the complaint pertaining to Defendant is that he denied

Plaintiff the ability to see doctors "unless [she] [went] by 6 stipulations for no reason" and that Defendant "seemed" to have a personal problem with Plaintiff. (Doc. No. 1 at PageID# 3-4). Without more, Plaintiff's allegations are insufficient to support a finding that Defendant was acting under color of law. *See Smith v. Kennemore*, No. 1:18-cv-00264-SKL, 2019 WL 6792754, at *6-7 (E.D. Tenn. Dec. 12, 2019) (holding that an off-duty sheriff's deputy did not act under color of state law, even though he was wearing his official sheriff's department uniform, when he entered the plaintiff's home to retrieve a stick as evidence in a personal dispute and his weapon and credentials were concealed the entire time and he never showed his badge). Thus, the Court lacks subject matter jurisdiction over Plaintiff's Section 1983 claims against Defendant.

Even if the complaint had alleged that Defendant is a state actor or engaged in acts fairly attributable to the state, Plaintiff's allegations would fail to state a claim upon which relief can be granted under Section 1983. Plaintiff, a private citizen, does not have a constitutional right to see particular doctors at the time of her choosing. Even though the complaint alleges that Defendant denied Plaintiff the right to see doctors unless she took certain steps, the complaint implicitly concedes that Plaintiff was able to see a doctor by alleging that Plaintiff disagreed with the course of treatment recommended by a doctor who would not permit Plaintiff to see her own x-ray. Such allegations do not establish constitutional violations. Neither do Plaintiff's other allegations (that Defendant seemed to have a personal problem with Plaintiff) rise to the level of constitutional violations.

## V. CONCLUSION

As explained above, Plaintiff's in forma pauperis complaint does not invoke the Court's subject matter jurisdiction. The complaint does not allege that Defendant, a hospital security

guard, is a state actor. Neither does the complaint suggest a basis for considering Defendant a state actor. Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE